IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Tayler Rujawitz, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )   No. 3:17-cv-251 |
| | ) |
| ATPE, LLC formerly known as ATFP, Inc.; | ) |
| ATPF, Inc.; | ) **JURY TRIAL DEMANDED** |
| Michael Anderson; and, | ) |
| Heather Anderson, | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

### Jurisdiction and Venue

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the Illinois Minimum Wage Act, 820 ILCS 105/1, et seq. (IMWL), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. (IWPCA) based on defendants' failure to properly pay their former employee, plaintiff Tayler Rujawitz.

2. This court's jurisdiction over Counts I and II is based on 28 U.S.C. § 1331 and § 1337 as plaintiff's claims involve federal questions and commerce under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. This court's jurisdiction over Counts III – V is based on 28 U.S.C. § 1367 as plaintiff's claims in Counts III – V are so related to her claims in Counts I and II as to form part of the same case or controversy under Article III of the U.S. Constitution.

3. Venue is proper.

## Common Allegations

4. Beginning in February 2016, defendants Heather and Michael Anderson requested plaintiff perform work for their trampoline business which was operating under the name ATPF, Inc., and held itself out to the public as Altitude Trampoline Park.

5. According to the records of the Illinois Secretary of State, ATPF, Inc. was not incorporated until May 5, 2016.

6. Plaintiff worked for defendants' trampoline business from February 2016 until she was discharged in June 2016.

7. Subsequent to the date defendants discharged plaintiff, ATPF, Inc. dissolved and the business it was operating became ATPE, LLC, with Heather and Michael Anderson as its managers. The trampoline business continues to operate the same facility in Glen Carbon, Illinois, using the same name, Altitude Trampoline Park.

8. Upon information and belief, one or more of defendants was and is a franchisee of Altitude Trampoline Park of Colleyville, Texas, located in the State of Texas.

9. In the course of her work for defendants, plaintiff communicated regularly with Altitude Trampoline Park of Colleyville, Texas, which was referred to as "corporate."

10. From the time of hire forward, plaintiff continued to perform services for Heather and Michael Anderson in connection with their trampoline park business until she was discharged.

11. Defendant Heather Anderson agreed to pay plaintiff at the rate of $14.00 per hour.

12. Defendants failed to keep time records relating to plaintiff's hours worked.

13. On or about March 28, 2016, defendants paid plaintiff the gross amount of $3,080.00, representing pay for 220 hours at the rate of $14.00 per hour. Defendants stated on the pay stub that the pay covered the period from 2/3/16 to 2/16/16. A true and accurate copy of the pay stub is attached hereto as Exhibit 1.

14. On or about April 18, 2016, defendants paid to plaintiff the gross amount of $1,120.00, representing pay for 80 hours of work at the rate of $14.00 per hour during the pay period 4/2/16 to 4/15/16. A true and accurate copy of the pay stub is attached hereto as Exhibit 2.

15. Defendants paid plaintiff no wages for her work subsequent to April 15, 2016; defendants underpaid plaintiff for her work up to April 15, 2016. The failure to pay and underpayments are set forth in Exhibit 3, which is incorporated herein.

16. Defendants failed to pay plaintiff one and a half times her hourly wage for weeks in which she worked more than 40 hours, as set forth in Exhibit 3.

17. Plaintiff was terminated from her employment on June 4, 2016.

18. On or about March 7, 2017, plaintiff received a form W-2 for her 2016 wages from an employer identified as "ATPF Inc." Upon information and belief and based on the records of the Illinois Secretary of State, ATPF Inc. did not exist as an Illinois corporation until after plaintiff received her wages in 2016.

**Count I**
**FLSA (Minimum Wage)**

19. Plaintiff incorporates Paragraphs 1 through 18 as though fully set forth herein.

20. ATPE, LLC at all times material hereto was an employer within the meaning of the Fair

Labor Standards Act, 29 U.S.C. § 201(d) and was a successor-in-interest to the persons, entity and/or entities which initially employed plaintiff.

21. ATPF, Inc. at all times material hereto was an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201(d).

22. At all times material hereto, Heather Anderson was an employer within the meaning of the Fair Labor Standards Act and/or was acting directly in the interest of an employer with regard to plaintiff.

23. At all times material hereto, Michael Anderson was an employer within the meaning of the Fair Labor Standards Act and/or was acting directly in the interest of an employer with regard to plaintiff.

24. While working for defendants, plaintiff was engaged in commerce in that she was involved in trade, commerce, and communication among or between States.

25. Upon information and belief, defendants are enterprises engaged in commerce in that they had employees engaged in commerce, and its annual gross sales or business done was in excess of $500,000 (exclusive of excise taxes).

26. Defendants failed to pay plaintiff minimum wage, in violation of 29 U.S.C. § 206(1)(c) as set forth in Exhibit 3.

27. As a direct and proximate result of defendants' violation of the FLSA, plaintiff has been damaged.

WHEREFORE, plaintiff asks for judgment in her favor and against defendants in an amount to

be established at trial for unpaid minimum wages and liquidated damages as provided in 29 U.S.C. § 216(b), and for attorneys' fees and costs.

### Count II
### FLSA (Overtime)

28. Plaintiff incorporates Paragraphs 1 through 18 and 20-25 as though fully set forth herein.

29. Defendants employed plaintiff for more than forty hours in multiple workweeks, as set forth in Exhibit 3, and failed to pay plaintiff compensation of at least one and one-half times the regular rate at which she was employed in violation of the FLSA, 29 U.S.C., § 207

30. The regular rate at which plaintiff was employed was $14.00 per hour; one and one-half times plaintiff's regular rate was $21.00 per hour.

31. As a direct and proximate result of defendants' violation of the FLSA, plaintiff has been damaged.

WHEREFORE, plaintiff asks for judgment in her favor and against defendants in an amount to be established at trial for unpaid overtime compensation and liquidated damages as provided in 29 U.S.C. § 216(b), and for attorneys' fees and costs.

### Count III
### IMWL (Minimum Wage)

32. Plaintiff incorporates Paragraphs 1 through 18 as though fully set forth herein.

33. ATPE, LLC at all times material hereto was an employer within the meaning of the IMWL, 820 ILCS 105/3(c) and was a successor-in-interest to the persons, entity and/or entities which initially employed plaintiff in that in 2016 it employed more than one employee.

34. ATPF, Inc. at all times material hereto was an employer within the meaning of the IMWL.

35. At all times material hereto, Heather Anderson was an employer within the meaning of the IMWL and/or was acting directly in the interest of an employer with regard to plaintiff.

36. At all times material hereto, Michael Anderson was an employer within the meaning of the IMWL and/or was acting directly in the interest of an employer with regard to plaintiff.

37. Defendants failed to pay plaintiff minimum wage, in violation of 820 ILCS 105/5, beginning with the pay period March 21, 2016, when defendants paid plaintiff for 20 of her 40 regular hours, through her final week of work, the week beginning May 30, 2016.

38. The minimum wage under 820 ILCS 105/4(a)(1) was $8.25 per hour at the relevant time.

39. As a direct and proximate result of defendants' violation of the IMWL, plaintiff has been damaged as set forth in Exhibit 3.

WHEREFORE, plaintiff asks for judgment in her favor and against defendants in an amount to be established at trial for unpaid minimum wages plus 2% of the total owed for each month following the date the wages were unpaid plus attorneys' fees and costs set forth in 820 ILCS 15/12 (a).

## Count IV
### IMWL (Overtime)

40. Plaintiff incorporates Paragraphs 1 through 18 and 33 through 36 as though fully set forth herein.

41. Defendants employed plaintiff for more than forty hours in multiple workweeks, as set forth in Exhibit 3, and failed to pay plaintiff compensation of at least one and one-half times the

regular rate at which she was employed in violation of the overtime provision of the IMWL, 820 ILCS 4a.

42. The regular rate at which plaintiff was employed was $14.00 per hour; one and one-half times plaintiff's regular rate was $21.00 per hour.

43. As a direct and proximate result of defendants' violation of the IMWL, plaintiff has been damaged as set forth in Exhibit 3.

WHEREFORE, plaintiff asks for judgment in her favor and against defendants in an amount to be established at trial for unpaid overtime compensation plus 2% of the total owed for each month following the date the overtime compensation was unpaid plus attorneys' fees and costs set forth in 820 ILCS 15/12 (a).

**Count V**
**Wage Payment Collection and Payment Act**

44. Plaintiff incorporates Paragraphs 1-18 as though fully set forth herein.

45. Defendant ATPE, LLC is an employer within the meaning of the Illinois Wage Collection and Payment Act (IWCPA) 820 ILCS 115/2 in that it is a limited liability company and successor to a corporation which made wage payments to employees.

46. Defendant ATPF, Inc. was an employer within the meaning of the Illinois Wage Collection and Payment Act (IWCPA) 820 ILCS 115/2 in that was and/or is a corporation that made or is making wage payments to employees.

47. At all times material hereto, defendant Michael Anderson was a person acting directly in the interest of ATPE, LLC and/or its predecessor with regard to plaintiff and is therefore an "employer" within the meaning of 820 ILCS 115/2.

48. Defendant Michael Anderson was an agent of Heather Anderson, ATPE, LLC, and/or ATPF, Inc. within the meaning of 820 ILCS 115/13 and therefore is liable for any violation of the ILWPCA.

49. At all times material hereto, defendant Heather Anderson was a person acting directly in the interest of ATPE, LLC and/or its predecessor with regard to plaintiff and is therefore an "employer" within the meaning of 820 ILCS 115/2.

50. Defendant Heather Anderson was an agent of Michael Anderson, ATPE, LLC, and/or ATPF, Inc. within the meaning of 820 ILCS 115/13 and therefore is liable for any violation of the ILWPCA.

51. Plaintiff was, at all material times, an employee within the meaning of the IWCPA in that plaintiff was an individual permitted to work by defendants.

52. During her employment, defendants failed to pay plaintiff periodically as required by 820 ILCS 115/4.

53. At the time of her discharge, defendants failed to pay plaintiff her final compensation, in violation of the IWCPA, 820 ILCS 115/5 including her vacation pay.

54. The amounts defendants owe plaintiff as final compensation are set forth in Exhibit 3, plus an additional amount as vacation pay as set forth in Paragraph 55.

55. Plaintiff was earning two weeks of vacation pay per year while employed by defendants. At the time of her discharge, plaintiff had worked 30.05% of a year. Defendants therefore owed, but failed to pay plaintiff $336.56 for her accrued but unused vacation pay at the time of her discharge.

56. As a direct and proximate result of defendants' violation of the IWPCA, plaintiff has been damaged as set forth in Exhibit 3 and Paragraph 55.

WHEREFORE, plaintiff prays for judgment in her favor and against defendants for final pay including vacation pay, and an additional 2% of the total for each month since June 2016 as provided in 820 ILCS 115/14, plus costs and attorneys' fees.

/s/ Ferne P. Wolf
Ferne P. Wolf
fw@sowerswolf.com
D. Eric Sowers
es@sowerswolf.com
Joshua M. Pierson
jp@sowerswolf.com
Sowers & Wolf, LLC
530 Maryville Centre Drive, Suite 460
St. Louis, MO 63141
314 744-4010/314 744-4026 (fax)